Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1950 | **DATE** | 2/20/2003 |
| **CASE TITLE** | U.S.A. ex rel Pedro Serrano vs. Dennis Hockaday | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Respondent's motion to dismiss Serrano's petition for a writ of habeas corpus [21-1] is granted because he failed to file the instant petition within the one year statute of limitations required by the Aniterrorism and Effective Death Penalty Act. This case is terminated. This is a final and appealable order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | FEB 2 1 2003 date docketed | |
| | Notified counsel by telephone. | | | 23 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| TBK courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. PEDRO SERRANO, ) ) ) Plaintiff, ) ) ) v. ) ) DENNIS HOCKADAY, ) ) Respondents ) | No. 02 C 1950 Wayne R. Andersen District Judge |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the motion of Respondent Dennis Hockaday to dismiss the petition for a writ of habeas corpus filed by Petitioner Pedro Serrano. For the following reasons, the motion is granted.

## BACKGROUND

Petitioner Pedro Serrano is currently incarcerated at the Western Illinois Correctional Center. In 1996, a jury found Serrano guilty of murder and attempted murder, and the judge sentenced him to concurrent prison terms of fifty and fifteen years. Serrano appealed his conviction and sentence to the Illinois Appellate Court, which affirmed on September 12, 1997. *People v. Serrano*, No. 96-1477, Ill. App. Ct. (1st Dist. Sept. 12, 1997). Instead of exercising his right to appeal this decision to the Illinois Supreme Court, Serrano filed his first petition for post-conviction relief on March 17, 1998. In holding that the petition was frivolous and patently without merit, the Circuit Court of Cook County denied Serrano's first post-conviction petition on May 5, 1998. Serrano then timely appealed the denial of his post-conviction petition to the

Illinois Appellate Court. The State Appellate Defender, who was appointed to represent Serrano, filed a motion for leave to withdraw as appellate counsel, pursuant to *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990 (1987), because he viewed the appeal as frivolous. The Illinois Appellate Court granted the motion to withdraw and affirmed the Circuit Court's decision on July 29, 1999. *People v. Serrano*, 1-98-2120, Ill. App. Ct. (1st Dist. July 29, 1999). The Illinois Supreme Court granted Serrano's motion to file a late petition for leave to appeal, but then denied that petition on May 31, 2000.

On August 19, 1999, Serrano filed a second petition for post-conviction relief in the Circuit Court of Cook County. The second post-conviction petition was denied by that Court on September 30, 1999 when it found that his claims were either *res judicata* or waived. In his appeal of that decision to the Illinois Appellate Court, his appointed counsel once again filed a motion to withdraw pursuant to *Finley*, which was granted. On September 21, 2000, the Illinois Appellate Court affirmed the judgment of the Circuit Court of Cook County, asserting that there were no appealable issues resulting from the denial of Serrano's second post-conviction petition. Serrano also filed a petition for relief from judgment in the Circuit Court of Cook County on September 21, 2000, which was denied on October 21, 2000. Although Serrano did not appeal that denial to the Illinois Appellate Court, he did file another motion to file a late petition for leave to appeal to the Illinois Supreme Court on March 21, 2000, which was allowed. On June 29, 2001, however, the petition was denied.

Serrano filed a petition for writ of habeas corpus in this Court on January 30, 2002. In his petition, Serrano raises several constitutional claims, none of which is a claim of innocence.

## STANDARD OF REVIEW

In his motion to dismiss, Respondent Hockaday argues that Serrano's petition for writ of habeas corpus is time-barred by the one year statute of limitations found in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). The AEDPA states that the running of the statute of limitations period begins at the occurrence of one of four events:

> (A) the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA also contains a tolling provision that states that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

## DISCUSSION

Respondent argues that Serrano's petition for writ of habeas corpus should be dismissed because Serrano failed to file his petition before the one year statute of limitations expired. Respondent asserts, and we agree, that the statute began to run on September 12, 1997, when the Illinois Appellate Court affirmed his conviction and sentence, since Serrano failed to timely file a direct appeal to the Illinois Supreme Court. Serrano's petition is untimely because a total of

3

575 days passed between the date his conviction became final and the date he ultimately filed his petition for a writ of habeas corpus. It is important to note that this calculation excludes all time during which the petitioner was litigating his properly filed post-conviction petitions. *See Smith v. Walls*, 276 F.3d 340, 344 (7th Cir. 2002) ("a successive petition that is later dismissed as procedurally barred is 'properly filed' as long as it conforms to Illinois' formal filing requirements").

Because the statute of limitations began to run on September 12, 1997, by the time Serrano filed his first petition for post-conviction review on March 17, 1998, 185 days of the one year statute of limitations had already elapsed. In addition, another 20 days elapsed between the order of the Illinois Appellate Court affirming the denial of his first post-conviction petition and the filing of his second post-conviction petition on August 19, 1999. Furthermore, viewing the evidence in the light most favorable to Serrano, another 156 days elapsed between the Illinois Appellate Court's affirmation of the denial of Serrano's second post-conviction petition on September 21, 2000 and his motion to file a late petition for leave to appeal to the Illinois Supreme Court on March 9, 2001. These 156 days include the days the statute of limitations was tolled while his petition for relief from judgment was pending in the state court. Lastly, after Serrano's motion to file a late petition for leave to appeal to the Illinois Supreme Court was denied on June 29, 2001, Serrano permitted an additional 214 days to elapse before he filed this habeas corpus petition. In total, Serrano permitted 575 days to elapse before filing his petition for a writ of habeas corpus, thus exceeding the one year statute of limitations allowed by law. Accordingly, the motion to dismiss must be granted as the petition for habeas corpus is not timely pursuant to 28 U.S.C. § 2244(d)(1). Thus, we will not address the merits of Serrano's petition.

## CONCLUSION

For the foregoing reasons, the Respondent's motion to dismiss Serrano's petition for a writ of habeas corpus [Docket # 21-1] is granted because he failed to file the instant petition within the one year statute of limitations required by the Antiterrorism and Effective Death Penalty Act. This case is terminated. This is a final and appealable order.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: 2-20-03

5